IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL LEWIS OVERTON,

        Plaintiff,               No. 2:08-cv-1128 MCE JFM (PC)

      vs.

SANDRA BRYSON, Commissioner,
et al.,

        Defendants.         <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        If this action proceeds as a civil rights action pursuant to 42 U.S.C. § 1983, plaintiff will be required to pay the statutory filing fee of $350.00 for this action in accordance with the provisions of 28 U.S.C. § 1915(b)(1) and (2).  For the reasons set forth <u>infra</u>, that determination is deferred at this time.

/////

1

1    The court is required to screen complaints brought by prisoners seeking relief

2   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

3   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

4   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

5   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

6   U.S.C. § 1915A(b)(1),(2).

7    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

8   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

9   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

10  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

11  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

12  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

13  Cir. 1989); Franklin, 745 F.2d at 1227.

14    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

15  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

16  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

17  Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S.

18  41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must contain

19  more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

20  allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, id.

21  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the

22  defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson

23  v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, slip op. at 7-8, in turn quoting

24  Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this standard, the

25  court must accept as true the allegations of the complaint in question, Erickson, id., and construe

26  the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

1 (1974).

2        In his complaint, plaintiff alleges that his 2007 hearing before the California

3 Board of Prison Hearings he entered into a stipulation with two commissioners to a one year

4 denial of parole "contingent upon a transitional house." Complaint, filed May 22, 2008, at 5.

5 Plaintiff further alleges that when he returned to his 2008 hearing he was given a three year

6 denial of parole. Plaintiff alleges that he is covered by the Americans with Disabilities Act

7 (ADA) and that the state can be held liable for damages under the ADA. In an attachment to the

8 complaint, plaintiff alleges that there is a conspiracy to keep him imprisoned by the state of

9 California and that by 2011, the end of the three year denial of parole, he will have served thirty-

10 one years in state prison on a second degree murder "with use" conviction. Complaint, at Ex. A.

11 Plaintiff names three parole commissioners as defendants and he seeks money damages.

12        In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held

13 that a suit for damages on a civil rights claim concerning an allegedly unconstitutional

14 conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence

15 has been reversed on direct appeal, expunged by executive order, declared invalid by a state

16 tribunal authorized to make such determination, or called into question by a federal court's

17 issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486. The rule

18 announced in Heck applies to a challenge to the denial of parole if the challenge "necessarily

19 implicates the validity of the denial of parole and, therefore, the prisoner's continuing

20 confinement." Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 2005).

21        Under the rule announced in Heck and its progeny, the court is required to

22 determine whether a judgment in plaintiff's favor in this case would necessarily invalidate his

23 continuing confinement. Id. If it would, the complaint must be dismissed unless the plaintiff can

24 show that the challenged action has been invalidated. On the other hand, if success on his claims

25 would not necessarily require plaintiff's release from incarceration plaintiff may be able to

26 proceed with his claims under 42 U.S.C. § 1983.

1    The basis of plaintiff's federal claim is not clear from the allegations of the

2 complaint before the court.  In addition, the court is unable to determine from the allegations in

3 plaintiff's complaint whether the claims necessarily implicate the validity of his continued

4 confinement.  For these reasons, the court has determined that the complaint does not contain a

5 short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules

6 adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the

7 claim plainly and succinctly.  <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir.

8 1984).  Plaintiff must allege with at least some degree of particularity overt acts which

9 defendants engaged in that support plaintiff's claim.  <u>Id.</u>  Because plaintiff has failed to comply

10 with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court

11 will, however, grant leave to file an amended pleading.

12    If plaintiff chooses to filed an amended pleading, he must determine whether his

13 claims are properly raised in an action under the federal civil rights action, 42 U.S.C. § 1983, or

14 under the federal habeas corpus statute, 28 U.S.C. § 2254.[1]  If plaintiff filed an amended civil

15 rights complaint, he must demonstrate how the conditions complained of have resulted in a

16 deprivation of plaintiff's constitutional rights.  <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).

17 Also, the complaint must allege in specific terms how each named defendant is involved.  There

18 can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection

19 between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362

20 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740,

21 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in

22 civil rights violations are not sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir.

23 1982).

24    In addition, plaintiff is informed that the court cannot refer to a prior pleading in

25

26    [1]  The ground on which plaintiff claims a violation of his rights under the ADA is not
clear from the allegations of the complaint.

4

order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to proceed with a habeas corpus action pursuant to 28 U.S.C. § 2254, he should file a habeas corpus petition on the form provided with this order.[2]

On July 15, 2008, plaintiff filed a request for the status of this action. Therein, plaintiff represents that he may need an injunction against prison officials and the board of prison hearings to prevent retaliation. The July 15, 2008 filing does not meet the requirements for a motion for injunctive relief. Cf. Fed. R. Civ. P. 65. It shall therefore be disregarded.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Determination of plaintiff's obligation with respect to the filing fee for this action is deferred at this time.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a. The completed Notice of Amendment; and

---

[2]   Plaintiff is cautioned that the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

1            b.  An original and one copy of the Amended Complaint; or

2               An original and one copy of a habeas corpus petition.

3 An amended complaint shall comply with the requirements of the Civil Rights Act, the Federal

4 Rules of Civil Procedure, and the Local Rules of Practice.  Either an amended complaint or a

5 habeas corpus petition must bear the docket number assigned this case and must be labeled

6 "Amended Complaint" or "Petition for Writ of Habeas Corpus; failure to file an amended

7 complaint or a habeas corpus petition  in accordance with this order will result in a

8 recommendation that this action be dismissed.

9         5.  The Clerk of the Court is directed to send plaintiff the court's form civil rights

10 complaint and the court's form petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254

11 and accompanying instructions.

12         5.  Plaintiff's July 15, 2008 request for an injunction is disregarded.

13 DATED:  August 19, 2008.

14

15                       _John F. Moulds_

16                   UNITED STATES MAGISTRATE JUDGE

17 12

18 over1138.14

19

20

21

22

23

24

25

26

1

2

3

4

5

6

7

8                           IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL LEWIS OVERTON,

11              Plaintiff,                         No. 2:08-cv-1128 MCE JFM (PC)

12        vs.

13   SANDRA BRYSON, Commissioner,
     et al.,
14                                                NOTICE OF AMENDMENT
              Defendants.
15   _____/

16              Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18              _____        Amended Complaint OR Habeas Corpus Petition

19   DATED:

20

21

22

23                                          _____
                                            Plaintiff

24

25

26

7