1

2

3

4

5

6

7

8

9              IN THE UNITED STATES DISTRICT COURT

10            FOR THE EASTERN DISTRICT OF CALIFORNIA

11   MICHAEL L. OVERTON,

12            Petitioner,                 No. 2:08-cv-1128 MCE JFM (HC)

13        vs.

14   SANDRA BRYSON, et al.,               ORDER AND

15            Respondents.                FINDINGS AND RECOMMENDATIONS

16   _____/

17            Petitioner is a state prisoner proceeding pro se and in forma pauperis.  On

18   November 19, 2008, petitioner's application for writ of habeas corpus was dismissed and

19   petitioner was granted thirty days leave to file an amended petition.  On December 8, 2008,

20   petitioner filed a motion to set bail pending adjudication of his writ of habeas corpus, arguing he

21   would be better able to prepare his petition outside prison and that he presents a low risk of flight

22   since he has had no escapes or attempted escapes during his 27-1/2 year incarceration in state

23   prison.

24            It is firmly established that it is within the inherent power of a district court to

25   enlarge a state prisoner on bond pending hearing and decision on his application for a writ of

26   habeas corpus.  See e.g., In re Wainwright, 518 F.2d 173, 174 (5th Cir. 1975); United States ex

1

1   rel. Thomas v. New Jersey, 472 F.2d 735, 743 (3d Cir.), cert. denied, 414 U.S. 878 (1973);

2   Woodcock v. Donnelly, 470 F.2d 93, 94 (1st Cir. 1972) (per curiam).  However, the bail standard

3   for a person seeking collateral review is markedly different from the standard applied to a pretrial

4   detainee.  Persons accused of crimes and awaiting trial are presumed innocent and thus enjoy an

5   Eighth Amendment right to be free from excessive bail.  Stack v. Boyle, 342 U.S. 1, 4 (1951).  In

6   contrast, a habeas corpus petitioner requesting postconviction relief has already been convicted

7   and thus is no longer presumed innocent and no longer enjoys a constitutional right to freedom,

8   however conditional.  Aronson v. May, 85 S. Ct. 3 (1964) (Douglas, J., in chambers); Glynn v.

9   Donnelly, 470 F.2d 95, 98 (1st Cir. 1972).

10                    In a Ninth Circuit case decided prior to Aronson, it was held that:

11                    It would not be appropriate for us at this stage of the proceeding to
                      enlarge this petitioner on bail even if we found that the allegations
12                    of his petition for habeas corpus made out a clear case for his
                      release.  Something more than that is required before we would be
13                    justified in granting bail.  (Emphasis added.) (Footnote omitted.)

14   Benson v. California, 328 F.2d 159, 162 (9th Cir. 1964).  In Aronson, which cites the Ninth

15   Circuit's decision in Benson, an applicant requested bail pending appeal from the denial of his

16   petition for writ of habeas corpus.  Justice Douglas set forth the following guidelines for

17   determining when a habeas corpus petitioner could be released on bail:

18                    In this kind of case it is therefore necessary to inquire whether, in
                      addition to there being  substantial questions presented by the
19                    appeal, there is some circumstance making this application
                      exceptional and deserving of special treatment in the interests of
20                    justice.  See Benson v. California, 328 F.2d 159 (9th Cir. 1964).

21   Aronson, 85 S. Ct. at 5 (emphasis added).  Thus, Aronson requires a petitioner to demonstrate

22   that his underlying claim raises substantial questions and that his case presents exceptional

23   circumstances.[1]

24   _____

25        [1] But see Land v. Deeds, 878 F.2d 318 (9th Cir. 1989) (defining test as requiring *either*
     special circumstances *or* a high probability of success) (citing Aronson v. May, 85 S. Ct. 3, 5
26   (1964)).  Although the test in Land appears to be different because it requires either special
     circumstances or a high probability of success, whereas Benson appears to require both prongs,

1      Moreover, a number of cases interpreting the first test of the <u>Aronson</u> analysis

2  have required that petitioner's claims be more than substantial.  <u>See</u>, <u>e.g.</u>, <u>Calley v. Callaway</u>, 496

3  F.2d 701, 702 (5th Cir. 1974) (per curiam) (bail should be granted to a military prisoner pending

4  post-conviction relief only when petitioner raises substantial constitutional claims upon which he

5  has a high probability of success and when extraordinary or exceptional circumstances exist);

6  <u>Glynn v. Donnelly</u>, 470 F.2d 95, 98 (1st Cir. 1972) (court will not grant bail unless petitioner

7  presents not only a clear case on the law but a readily apparent case on the facts); <u>see</u> <u>also</u>

8  <u>Richardson v. Wilhelm</u>, 587 F. Supp. 24, 25 (D. Nev. 1984); <u>Monroe v. State Court of Fulton</u>

9  <u>County</u>, 560 F. Supp. 542, 545 (N.D. Ga. 1983).

10      Courts have also narrowly construed the second test of the <u>Aronson</u> analysis;

11  namely, that petitioner show that his case presents exceptional circumstances justifying relief.

12  <u>See</u> <u>Calley</u>, 496 F.2d at 702.  Exceptional circumstances may be found and, in the court's

13  discretion, warrant a petitioner's release on bail where:  (1) petitioner's health is seriously

14  deteriorating while he is incarcerated, <u>Woodcock v. Donnelly</u>, 470 F.2d 93 (1st Cir. 1972) (per

15  curiam); <u>Johnston v. Marsh</u>, 227 F.2d 528 (3rd Cir. 1955); (2) there is an extraordinary delay in

16  the processing of a petition, <u>Glynn</u>, 470 F.2d at 95; and (3) the petitioner's sentence would be

17  completed before meaningful collateral review could be had, <u>Boyer v. City of Orlando</u>, 402 F.2d

18  966 (5th Cir. 1968) (bail granted where court concluded petitioner should present claims to state

19  courts, despite state courts' precedents denying relief for his claim, and feared petitioner's

20  sentence would run before exhaustion could be completed); <u>see</u> <u>also</u> <u>Goodman v. Ault</u>, 358 F.

21  Supp. 743 (N.D. Ga. 1973).

22      Bail pending a decision in a habeas case is reserved for extraordinary cases

23  involving special circumstances or a high probability of success.  <u>See</u> <u>Aronson v. May</u>, 85 S.Ct.

24

25  <u>Land</u> was not an *en banc* decision, and cannot overrule another panel.  Possibly, <u>Land</u>'s use of
   the word "or" was inadvertent.  Therefore, <u>Benson</u> remains good law especially in light of
26  <u>Aronson</u>.

1  3, 5, (1964); <u>Galante v. Warden</u>, 573 F.2d 707, 708 (2d Cir.1977).  Petitioner has not

2  demonstrated that he is entitled to release under either standard.  Moreover, because petitioner

3  has not yet filed his second amended petition, the court cannot determine whether his case

4  presents a high probability of success.  Accordingly, petitioner's motion for bail will be denied

5  without prejudice.  Petitioner will be granted a brief extension of time in which to file his second

6  amended petition.  Petitioner is cautioned that failure to file a second amended petition as

7  required by this court's November 19, 2008 order will result in a recommendation that this action

8  be dismissed.

9          IT IS HEREBY ORDERED that petitioner shall file his second amended petition

10  on or before January 9, 2009; and

11          IT IS RECOMMENDED that petitioner's December 8, 2008 motion to set bail be

12  denied without prejudice.

13          These findings and recommendations are submitted to the United States District

14  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

15  days after being served with these findings and recommendations, petitioner may file written

16  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

17  Findings and Recommendations."  Petitioner is advised that failure to file objections within the

18  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

19  F.2d 1153 (9th Cir. 1991).

20   DATED: December 16, 2008.

21

22                                              UNITED STATES MAGISTRATE JUDGE

23

24  /001; over1128.113

25

26

4