IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL LUIS OVERTON,

    Petitioner,                    No. 2:08-cv-1128 MCE JFM (HC)

    vs.

WARDEN, CALIFORNIA
MEDICAL FACILITY,                FINDINGS & RECOMMENDATIONS

    Respondent.

_____/

        Petitioner is a state prisoner proceeding pro se and in forma pauperis with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges the 2007 denial of parole violated his due process rights.

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1   After reviewing the petition for habeas corpus, the court finds that petitioner has
2   failed to exhaust state court remedies. Petitioner states "[n]o appeal was ever taken." (Third
3   Amended Petition at 2.) Petitioner did not mark a response to the question that asks, "Other than
4   a direct appeal from the judgment of conviction and sentence, have you previously filed any
5   petitions, applications, or motions with respect to this judgment in any court, state or federal?"
6   However, in the section below, he wrote that he filed a writ of habeas corpus in the United States
7   District Court for the Northern District on the ground of ineffective assistance of counsel. His
8   second petition was filed in the Eastern District on the grounds of "some evidence" denial of
9   parole, which is presumably the instant action.

10   For the question, "Did you appeal to the highest state court having jurisdiction the
11   result of action taken on any petition, application or motion," petitioner responded "yes" for the
12   first petition (which was the Northern District petition on his ineffective assistance of counsel
13   claim) and left blank the section for the second petition, failing to confirm he had filed in the
14   California Supreme Court. Indeed, a search of the California Supreme Court's website reflects
15   only his habeas challenge to the merits of his conviction.[2] Because petitioner is challenging a
16   parole hearing that took place in 2007, the 1999 state petition could not have exhausted the
17   instant claim.

18   Thus, the instant claims have not been presented to the California Supreme Court.
19   Further, there is no allegation that state court remedies are no longer available to petitioner.
20   Accordingly, the petition should be dismissed without prejudice.[3]

---

[2] The California Supreme Court website reflected one case, No. S082178 for petitioner's original proceeding – habeas, which was filed September 15, 1999, and closed November 23, 1999. Id., <http://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id=82019&doc_no=S082178>, accessed February 3, 2009.

[3] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other

2

1  IT IS HEREBY RECOMMENDED that petitioner's third amended application for
2  a writ of habeas corpus be dismissed for failure to exhaust state remedies.
3  These findings and recommendations will be submitted to the United States
4  District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within
5  twenty days after being served with these findings and recommendations, petitioner may file
6  written objections with the court.  The document should be captioned "Objections to Findings
7  and Recommendations."  Petitioner is advised that failure to file objections within the specified
8  time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
9  (9th Cir. 1991).
10 DATED:  February 4, 2009.

UNITED STATES MAGISTRATE JUDGE

/001; over1128.103

---

26  collateral review is pending.  28 U.S.C. § 2244(d).